120  67
72a 631
120  67
145 336
120  67
153 322

SCHOOL DISTRICT OF CITY OF MACON, *Appellant,* v. GOODDING.

Division One, February 5, 1894.

1. **School District, Extension of:** CITY. A school district composed of a certain city is not necessarily enlarged by the extension of the limits of the city, by the latter.

2. ———: ———. Each organized school district in Missouri is a body corporate, and its territorial form can be changed only in the manner pointed out by the statutes.

3. ———: TAXES: MANDAMUS. Where taxes for school purposes are sought to be imposed upon property not lawfully subject thereto, and the county clerk refuses to extend them on the annual tax books, the court will not direct him by *mandamus* to extend them.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

The facts agreed upon, in the statement submitted by all the parties to the trial court, were the following:

The city of Macon, prior to November 1, 1889, was, and now is, a city, incorporated by a special charter, March 28, 1872, repealing an earlier act, approved, December 31, 1859, and all acts amendatory thereof.

The city was surveyed and platted, and a correct plat was filed in the recorder's office of said county, prior to 1866. In 1866 the city was duly organized as a school district, under the statute of 1865, chapter 47, applicable to the organization of cities, towns and villages into school districts. On the first day of November, 1889, it was, and now is, an organized school district by virtue of the statutes applicable. It

is known by the name of the school district of the city of Macon.

The management of the affairs of the district is vested in a board of directors composed of six persons.

Prior to the eighth day of May, 1890, the lands and territory described in plaintiff's petition were not included in the original plat of said city of Macon, nor in any addition thereto, nor were they in the territorial limits of said school district. But on that day, the council of said city passed an ordinance (85), entitled, "ordinance to extend the limits of the city of Macon, Missouri," extending the corporate limits of said city over, and to include, the lands described in plaintiff's petition; and filed a plat thereof with the recorder of Macon county.

After the passage of the ordinance extending the limits of the city as aforesaid, March 11, 1891, the board of directors of said school district of the city of Macon passed a resolution accepting and recognizing said territory, added to said city limits, and filed with the clerk of Macon county a copy of said acceptance and plat, showing the school district as extending over and including said lands described in plaintiff's petition.

On the eighth day of May, 1891, the board of directors of said school district of Macon, made and forwarded to the county clerk of Macon county (in which county said district is situated) an estimate of the amount of funds necessary to sustain the schools in said district for a term of eight months, together with such other amounts for interest on bonded indebtedness as was necessary, which amounts were as follows: (here follow the items of proposed taxes), making a total levy of seventy cents on each $100 of taxable values in said district as it existed on the eighth day of May, 1891,

Between the thirtieth day of April and the fifth day of May, 1891, the school board caused to be taken an alphabetical list of the resident taxpayers of the district (including the territory added to the city of Macon by the ordinance aforesaid), and filed the same with the county clerk of the county on that day.

The ordinance numbered eighty-five was passed under the authority conferred, if any, by section 1880 (Revised Statutes of Missouri, 1889), and not under the charter of the city of Macon, approved, March 28, 1872. That ordinance was enacted and the territory and lands described in plaintiff's petition were added to the city, without a majority of the qualified voters residing in the added territory giving their assent thereto. The ordinance was passed under the general law, and not under the charter of 1872, and without any vote having been taken as provided in the charter.

The charter was to be considered in evidence in the trial court.

The other material matters appear in the opinion of the division.

*Silver & Brown* and *C. P. Hess* for appellant.

(1). *First.* The city extension ordinance of May 8, 1890, was legal and binding. R. S. 1889, sec. 1880. *Second.* Said section 1880 repealed the special provision of the charter of the city of Macon (Acts 1872, p. 439) requiring the consent of the qualified voters of the added territory before the city could be extended over it. *State, etc., v. Severance,* 55 Mo. 378; *State, etc., v. Bennett,* 102 Mo. 357, p. 370; 1 Dillon on Mun. Corp. [3 Ed.], sec. 87. *Third.* A vote of the people affected is not essential to extend the limits of a city where the statute under which the extension is made does not so require. *Kelly v. Meeks,* 87 Mo. 396, p.

401.   (2)  The extension of the city limits being valid, the school district was also likewise enlarged.   Gen. Stat. 1865, p. 274, sec. 1;  R. S. 1879, sec. 7142;  R. S. 1889, sec. 8083;  *Winona v. District,* 40 Minn. 13;  *Atty. Gen. v. Hatch,* 60 Mich. 225.   Statutes must be construed with reference to their subject-matter, the objects which prompted and induced their enactment, and the mischief they were intended to remedy, and when the legislative intention has been ascertained, it may be followed, even though it is not strictly according to the letter of the act.   *State, etc., v. Diveling,* 66 Mo. 375;  *Spitler v. Young,* 63 Mo. 44;  *Bomino's Case,* 83 Mo. 441.   See, also, 23 Mo. App. p. 227;  *State v. King,* 44 Mo. 283;  *Reddick v. Walsh,* 15 Mo. 519.   (3) *Mandamus* is the proper remedy to compel the county clerk to extend the tax on the tax books in accordance with the estimates furnished him by the school directors. *State, etc., v. Byers,* 67 Mo. 766.   The duty of the clerk is purely ministerial and not judicial, and he is not justified in refusing to perform it.   *Ibid.*  It is not for him to determine the legality of the extension of the district.

  *Dysart & Mitchell* for respondent.

(1)  Section 1880 of the general law does not repeal any provision of the Macon City charter.   Said section contains no repealing clause, and repeals by implication are not favored.   And there is no repugnancy between the general law and the special charter.   Both may consistently stand together.   *Manker v. Faulhaber,* 94 Mo. 430, 441;   same case cited and approved in *Railroad v. Shambough,* 106 Mo. 557–570;   *State v. Noland,* 111 Mo. 473–485;   *Ex parte Joffee,* 46 Mo. App. 360–367;   *State ex rel. v. Frazier,* 98 Mo. 426.   (2) Section 1880 was only intended to apply to cities whose

charters contained no provisions for extending their limits. *Manker v. Faulhaber*, 94 Mo. 441. (3) It was not competent for the legislature, by special law, to amend or change said charter. Const. 1875, art. 4, sec. 53. (4) Strong inducements are held out by the constitution and the legislature for chartered cities to surrender their charters and organize under the general law for the sake of uniformity. Const. 1875, art. 9, sec. 7, and the laws passed thereunder. (5) The court's attention is therefore called to the second point—to the legal effect of such extension upon the added territory, in relation to the schools inside and outside the city. Such added territory did not, and could not, *ipso facto*, become a part of the Macon school district, and cease to be a part of the adjoining school district from which it was taken. R. S. 1889, secs. 7972, 8097, 8111; *District v. District*, 94 Mo. 612.

BARCLAY, J.—The present appeal is from a judgment of Judge ANDREW ELLISON, on the circuit, denying a *mandamus*. Plaintiff applied for such a writ to compel defendant, as county clerk of Macon county, to extend certain alleged school taxes on the annual tax books, with a view to their collection.

Issue was joined upon an agreed statement of facts, on consideration of which judgment was given for defendant; and plaintiff in due course appealed.

The city of Macon took steps in 1890 designed to enlarge its territorial extent. The taxation in question is proposed to be placed upon the property in the extended limits. That property, prior to the alleged extension, was not a part of the school district of the city, but was outside thereof. Plaintiff claims that an enlargement of the city's boundaries also extended the school district lines of the city, by virtue of the terms of what is now section 8083 (R. S. 1889), viz:

"Any city, town or village, the plat of which has been previously filed in the recorder's office of the county in which the same is situated, may, together with the territory which is or may be attached thereto, be organized into a single school district," etc.

This section, however, does not stand alone. Whatever inferences suggested by plaintiff which it might warrant, were that the case, are impossible in view of other sections of the school law.

Whether the new domain sought to be acquired be regarded as unorganized territory, or as part of another school district, it is evident that it can not become a part of the Macon school district by the mere enlargement of the limits of the city.

In *District No. 1 v. District No. 4* (1887), 94 Mo. 617, it was said that "each organized school district in the state is a body corporate;" and it was then held that the territorial form of such a body could be changed only in the manner pointed out by the law.

Chapter 143 (R. S. 1889) prescribes the course to be followed for altering the boundaries of school districts. It is not necessary to set forth the particulars of the statute in relation to that subject. It is enough to say that the enlargement of a city or town composing such a district does not, of itself, effect a change in the boundaries of the district. The latter retains its integrity as a body corporate until changed in the manner prescribed by the law.

It follows from what has been said that the county clerk was justified in his refusal to extend the tax against property in the addition to Macon City, and the circuit judge was right in denying the *mandamus*.

We have treated the case on the assumption, without deciding, that the action of the city authorities in extending its limits was valid, though that proposition is controverted, too. It is not necessary to decide it,

as the ruling already made is decisive of the case.

The judgment is affirmed. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.