THE STATE ex rel. MOODY, Collector, Appellant, v. WARDELL.

Division Two, December 23, 1899.

1. **Taxation:** PASTORAL OR AGRICULTURAL LANDS: STATUTE. The proviso to section 1466, R. S. 1889, concerning the extension of the corporate limits of cities of the third class, "that all agricultural or pastoral lands included in such extension shall be exempt from taxation for city purposes until they have, by recorded plats or sale, been reduced to tracts or lots of ten acres or less," is violative of that part of the Constitution which requires taxes to be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and the attempted exemption of such lands from taxation is void, and the proviso being a material part of the section the whole section so far as it relates to the extension of the limits of cities of the third class is also unconstitutional, and the extension thereunder invalid, and all taxes levied within said limits for city purposes or for the school district of such city are without warrant of law.

2. ———: ———: ———: ACT OF 1887. And since the Act of 1887 relating to this subject was "revised, amended and re-enacted" in the Revision of 1889, by section 6606, R. S. 1889, the Act of 1887, which did not have such a proviso, was expressly repealed. So that in 1892 there was no constitutional statute authorizing cities of the third class to extend their corporate limits. (Overruling, in part, Westport ex rel. v. McGee, 128 Mo. 152).

Appeal from Macon Circuit Court.—*Hon. Andrew Ellison,*
Judge.

AFFIRMED.

*J. D. Sparrow* and *Ben Eli Guthrie* for appellant.

(1) Under the act of April 11, 1895 (Laws 1895, p. 259), the instructions asked by plaintiff should have been given. The passage of that act *ipso facto* added to the school district the territory lately annexed to the city. Litson v. Smith, 68 Mo. App. 397. (2) Section 1466, R. S. 1889 is a

valid statute. The power to extend is in no way dependent upon the proviso relating to exemption. The exemption also applies to all forty-acre tracts "in such city" and not simply to those in "such extension." Constitution, art. X, secs. 3, 4; Westport v. McGee, 128 Mo. 162. (3) The unconstitutionality of said section is wholly immaterial in this case. The section originally appeared in the Laws of 1877, section 2, page 158, without any proviso whatever. Thence it was carried up without change into the revision of 1879, becoming section 4828. It was next re-enacted in 1887, and still without the proviso. (Laws of 1887, sec. 2, p. 66.) In the revision of 1889 it appears as section 1466 with the proviso attached for the first time. If this revised section be unconstitutional, then the law of 1878 is the law of the land and was such in March, 1892. The revision of 1889 does not undertake to repeal any prior law. Copeland v. St. Joseph, 126 Mo. 430; Westport v. McGee, 128 Mo. 163; State v. Thomas, 138 Mo. 99. And these cases are supported and re-enforced by sections 6606 and 6607, R. S. 1889. (4) Defendant had acquired no right under the general law to remain a resident of district 6, nor to be taxed for the year 1895 at the school rate fixed in that district. The law invested him with no such immunities. The right of the Legislature to extend the limits of Macon special district by curtailing the bounds of district 6 had been in no wise impaired, but such right remained in *proprio vigore*. Defendant was liable to school taxes for 1895 in some district. The rate was a future contingency dependent upon the assets and liabilities of the district he may find himself in at taxing time. In order to be vested, a right must be fixed, certain and complete. Meyer on Vested Rights, secs. 13, 15, 19, 24 and 316.

*Dysart & Mitchell* for respondent.

The only section in existence for the extension of the boundaries of a city of the third class in 1892 was section 1466,

State ex rel. v. Wardell.

Revised·Statutes 1889. That section was unconstitutional and void, because of a proviso therein exempting certain lands taken in by the extension from taxation. Copeland v. St. Joseph, 126 Mo. 427; Barr v. Flinn, 20 Mo. App. 383; Bird v. Sellers, 113 Mo.·593; Bird v. Sellers, 122 Mo. 32; Westport v. McGee, 128 Mo. 162; Blodget v. Schaffer, 94 Mo. 672. (2) A school district is a municipal corporation. And a change of the city limits, prior to the act of 1895, did not affect the boundaries of an adjoining district. If the defendant was a resident of the Macon school district he was made so by the act of 1895. School District v. Goodding, 120 Mo. 67. .

GANTT, P. J.—This is a suit by the collector of Macon county to recover of defendant $1,324.38, the amount of a certain tax bill for school taxes alleged to be due and owing to the city of Macon for the year 1895.

The answer is a general denial and that the defendant was not a resident of said city of Macon or of said special school district. It is conceded that prior to 1892, the city of Macon existed under a special charter, passed by the Legislature in 1872.

In 1891 said city surrendered its special charter and organized and became a city of the third class under and pursuant to the general statutes of Missouri.

During the time said city was under its special charter and at the time it became a city of the third class, defendant did not reside in said city, but lived on farming lands outside of its limits, and was a resident of School District No. 6, township 57, range 14, a country school district adjoining the city of Macon on the west. In the spring of 1892 the city of Macon by an ordinance and a vote of the voters of said city undertook to extend the limits of said city, by which proposed extension defendant's residence was taken in if said extension was valid, and was not taken in if the extension was invalid.

It is, moreover, admitted that even if said extension was valid it did not have the effect in law of changing the lines of School District No. 6, or to cause defendant to become a resident of the school district of Macon. [School District v. Goodding, 120 Mo. 67.]

I. In the circuit court defendant insisted he was not a resident of the school district of Macon, because the extension of the limits of said city in 1892, was attempted under an unconstitutional law and was void.

If this objection was good, it will be unnecessary to examine the other grounds upon which the case was decided.

The defendant insists that section 1466, Revised Statutes 1889, was the only act by virtue of which cities of the third class in 1892 could extend their limits, and that the power to extend the boundaries of such cities was made dependent upon the proviso in said section "that all agricultural or pastoral lands included in such extension shall be exempt from taxation for city purposes until they have, by recorded plats or sale, been reduced to tracts or lots of ten acres or less."

This court held in Copeland v. St. Joseph, 126 Mo. 417, that section 5 of the Act of 1887 (Laws 1887, p. 53), containing a proviso identical in principle with the proviso in section 1466, was void because by the 10th Article of the Constitution of this State, sections 1 to 7 inclusive, taxes are required to be *uniform* upon the same class of subjects within the territorial limits of the authority levying the tax and all laws exempting property other than that enumerated in the Constitution are void. It was urged upon us then, as now, that so much of the section as authorized the extension could be held valid notwithstanding the proviso was in conflict with the Constitution, on the recognized doctrine that part of an act may be unconstitutional without necessarily invalidating the remainder of the act and the remainder of the law will be enforced provided the invalid part was not the consideration

for the passage of the whole law.   In Railroad v. Evans &
Howard Brick Co., 85 Mo. loc. cit. 334, it was said:    "Some-
times a statute is unconstitutional in part and constitutional
as to the residue, and if the unconstitutional part is not in-
separably connected in substance with that which is valid and
complete in itself, and capable of being executed in conformity
with the apparent legislative intent, regardless of that which is
rejected, the unconstitutional part may be regarded as stricken
out," but in Copeland's case, *supra*, we held that the proviso
was not an immaterial part of the section so far as it related
to extension of the city limits, but "on the contrary, it em-
phasizes the determination of the Legislature to withhold the
power (of extension) unless these farming lands were ex-
empted from municipal taxes in cities of this class.    It seems
to us that the power to extend the limits over farming lands
is by this act of 1887 made so dependent upon the condition
of exempting them from municipal taxes that if the condi-
tion (or proviso) is unconstitutional (and we have seen that it
is), then the whole section (as to extension of the limits) must
be unconstitutional."

When Copeland's case came again under review in West-
port ex rel. v. McGee, 128 Mo. 152, we re-affirmed the fore-
going statement.

It appears to us now, as it did then, that when territory
is included within a city it becomes subject to municipal taxes
just as all other real estate within said limits, and our Con-
stitution absolutely requires uniformity of taxes within said
city, and as this character of property does not fall within any
of the exceptions enumerated in section 6 of article X of the
Constitution, its attempted exemption is void.    [Section 7,
art. X, Constitution.]

It is contended, however, by the plaintiff that the de-
cision of this court in Westport ex rel. v. McGee, 128 Mo.
152, greatly modified the views expressed in the Copeland
case.

We think the distinction is obvious.    In Copeland's case, the right of extension was predicated upon the unlawful exemption, and it was patent that but for the exemption the Legislature would not have granted the power.    Whereas in the Westport case, we pointed out "that no condition is annexed, and no proviso added, by which the power of the city over any territory annexed is curtailed" under the act in that case under consideration.    In that act there was an attempt to exempt not the lands sought to be included by extension only, but "all tracts of agricultural lands in said city, which exceeded five acres in area."    We held the two acts were distinct in principle, one relating to extension, the other to exemption from taxation without reference to extension. Accordingly we held the latter was valid as to the extension, but void as to the exemption.

So that adhering to both of those decisions as to the matters involved in the record, it seems that if section 1466 Revised Statutes 1889, is the only authority for the extension of 1892, the extension of the limits of Macon City at that time was without authority of law and void.

But, says plaintiff, if the proviso in section 1466 is unconstitutional and void, then the Act of 1887 which did not contain said proviso was not repealed by said unconstitutional law of 1889, and if unrepealed in 1892 it afforded ample authority for said extension.    Defendant concedes this is true.

Hence the whole controversy on this point is narrowed down to the question, Was the Act of 1887 repealed by the revision or revising Act of 1889?    The respective positions are clearly stated.    On the part of defendant it is confidently urged that the Act of 1887 was repealed by the revising Act of 1889.

The Revised Statutes of 1889 contain the following section:    Sec. 6606.    *Laws Re-enacted, to be construed, how*— All acts of a general nature, revised and amended and re-enacted at the present session of the General Assembly, as soon

as such acts shall take effect, shall be taken and construed as repealing all prior laws relating to the same subject."

Was, then, the Act of 1887 "revised, amended and re-enacted" at the revising session of 1889? An inspection and comparison of the Act of 1887, beginning at page 64 and ending at page, 85, with chapter 30, article 4, Revised Statutes, 1889, pages 424 to 444, sections 1465 to 1578 inclusive, leave no doubt that said Act of 1887 was "revised, amended, and re-enacted." Thus it will be observed that it not only purports to have been revised, but it appears that eighteen sections of the law of 1887 were amended and five new sections added thereto, and the remaining sections re-enacted in the Revised Statutes of 1889. Section 2 of the section now under consideration was amended by the very proviso which we have just held unconstitutional.

That such was the legislative construction of the General Assembly's action, is conclusively shown by the Act of 1893 (Laws of 1893, p. 66), which repeals not the Act of 1887, but "article IV, chapter 30, Revised Statutes 1889, entitled 'Cities of the Third Class,' and enacting a new act in lieu thereof."

The rule of construction applied to section 6606 of the Revised Statutes 1889, and of 3160 of the Revised Statutes 1879, has been the same, and it is this: If the Legislature undertook at either of the said revising sessions to revise, amend, or re-enact a given law and did so, then such former or prior law, was by said sections expressly repealed, and the revised act alone remained, but if any valid existing law at either of said revisions was not revised, amended and re-enacted, such prior law remained in force, whether incorporated in the revision or not. [Blodgett v. Schaffer, 94 Mo. 652; Bird v. Sellers, 113 Mo. 580; Bird v. Sellers, 122 Mo. 23.] The Act of 1887 having been "revised, amended and re-enacted" in 1889 under the foregoing rule, said act was repealed by operation of law.

But it is urged by plaintiff in opposition to this conclusion,

that inasmuch as the proviso rendered the extension clause of section 1466 void because unconstitutional, the Act of 1887 remained a continuing law unrepealed by these subsequent unconstitutional amendments, and in so doing, he is fortified by a dictum of the writer hereof in Westport ex rel. v. McGee, 128 Mo. 152. That dictum was most unfortunate as it was wholly unnecessary to a decision of that case. The writer's attention was not called to the effect of sections 3160 in Revised Statutes 1879 and 6606 Revised Statutes 1889, both of which expressly repealed prior laws which had been revised, amended or re-enacted, but he proceeded upon the rule well supported in many cases that an unconstitutional enactment would not repeal a prior valid act by mere implication, overlooking at the time that section 6606 operated as an express repeal. It is now perfectly obvious that all discussion of the revision of 1889 as an implied repeal was *dehors* the law governing that case, and must be and is hereby overruled, as the remarks there made were clearly *obiter*, and as applied to the Act of 1887 clearly erroneous.

It necessarily results that, as section 1466 Revised Statutes 1889, was the only law in existence in 1892, authorizing cities of the third class to extend their limits, and so much of said section as authorized such extensions was unconstitutional and void, there was no valid extension of the boundaries of the city of Macon by the ordinance and vote of 1892, and consequently defendant was not a resident of the special school district of Macon in 1895, and therefore not liable to the school tax sued for in this case. Having reached this conclusion it is wholly unnecessary to express an opinion on the various other propositions argued and briefed on both sides with so much ability, research and learning.

The judgment of the circuit court is affirmed. *Burgess, J.,* concurs; *Sherwood, J.,* absent.