STATE ex rel., J. W. GREGORY, City Collector, Appellant, v. OHIO AND ILLINOIS MINERAL LAND COMPANY, Respondent.

**St. Louis Court of Appeals, March 27, 1900.**

1. **Tax Suit: EXTENSION OF CORPORATE LIMITS: ORDINANCE UNREASONABLE.** Question as to whether an ordinance extending the territorial limits of a city was unreasonable can not be raised in a tax suit or be attacked in a collateral proceeding.

2. ———: ———: ———: ———: QUO WARRANTO. The exercise of even an unwarranted jurisdiction on the part of the city of Aurora in extending its corporate limits can only be questioned through the state by its writ of *quo warranto* or some other means of direct attack upon the authority under the annexation ordinance.

3. ———: ———: ———: ACTS OF 1891 AMENDING SECTION 1580, R. S. 1899. The express power given to cities of the fourth class by statute to extend their limits over adjacent territory is one of *pro tanto* incorporation.

4. ———: ———: ———: RESPONDENT'S REMEDY. Respondent being dissatisfied with the incorporation of its land as a part of the city of Aurora should have proceeded against the validity of the city's action by *quo warranto* or other direct proceeding.

5. ———: DEFENSE UNAVAILABLE. The defense that the ordinance placing respondent's property within the city's limit is unreasonable and is unavailable, and the judgment reversed and remanded to be tried in conformity with this opinion.

State ex rel. v. Mineral Land Co.

MOTION FOR REHEARING.

6. ———: ———: THE WARDELL CASE, 153 MO. 319, DISTIN-GUISHED FROM THE CASE AT BAR. The decision in this case is not in conflict with the opinion of the Supreme Court in the case of State ex rel. Moody v. Wardell, 153 Mo. 319, for the reason that the city of Macon is a city of the third class and as was held by the Supreme Court, Macon City had no charter power to extend its limits as it did, and taxes assessed on property included by an ordinance passed for that purpose could not be collected.

Appeal from the Lawrence Circuit Court.—*Hon. Henry Clay Pepper*, Judge.

REVERSED AND REMANDED.

*Edw. J. White* for appellant.

(1) The courts have no power to adjudge a city ordinance void, as being unreasonable, where the same is passed in pursuance of a legislative grant of power, authorized by the Constitution. Dillon, Mun. Cor. (4 Ed.), secs. 328, 54, 65; Beach, Pub. Cor., secs. 80, 30, 397, 403; Kansas City v. Trieb, 76 Mo. App. 478; Dreyfus v. Lonergan, 73 Mo. App. 336; Brown v. Cape Girardeau, 90 Mo. 377; Giboney v. Cape Girardeau, 58 Mo. 141; Quinette v. St. Louis, 76 Mo. 402; Kansas City v. Holden, 107 Mo. 305; Morse v. Westport, 136 Mo. 276; Girardeau v. Houck, 129 Mo. 618; St. Louis County Court v.Griswold, 58 Mo. 193; Hamilton v. St. Louis County Court, 15 Mo. 3. (2) If the court had had the power to pass upon the reasonableness of ordinance number 66 it erred in holding same reasonable under the facts in this case, as it was passed in pursuance of a popular demand —"for purposes of police protection"—to meet the exigencies of a rapidly growing city, and the city boundaries were not unreasonably extended thereby. Kelly v. Meeks, 87 Mo. 396; Warren v. Paving Co., 115 Mo. 572; State ex rel. v. Wesport, 116 Mo. 582; Copeland v. St. Joe, 126 Mo. 417; Cook v. Edgerton, 143 Mo. 563. (3) *"Publicum bonum,*

*private est preferendum."* The court erred in setting aside Ordinance No. 66, on grounds of public policy, because of the length of time it had been in force and the resulting injury to the general public and to vested rights from an interference therewith, same having remained the unquestioned law of the city for a period of eight years before the filing of this suit. State ex rel. v. Westport, 116 Mo. 592, 596; Dollar Savings Bank v. Ridge, 2 Mo. App. Rep. 336; State v. Leatherman, 38 Ark. 81; State v. Gordon, 87 Ind. 171.

*Carr McNatt* for respondent.

(1) The courts of this state have the power to inquire into the reasonableness of city ordinances, even to the extent of declaring them void, if necessary to protect the rights of a citizen from the greed and oppression of such cities attempting to impose upon him the burden of taxation without conferring any corresponding benefits. Corrigan v. Gage, 68 Mo. 541; St. Louis v. Webber, 44 Mo. 547; Kelly v. Meek, 87 Mo. 402; Halpin v. Campbell, 71 Mo. 494. (2) The fact that part of a law, or an ordinance is void for want of authority to make it, does not necssarily effect the remainder of the law. Hence, any vested right under ordinance number 66 is not affected by holding the ordinance unreasonable as to respondent's land—even if the court had so held. Dillon, Mun. Corp. [4 Ed.], sec. 421; State ex rel. v. Field, 119 Mo. 612; State ex rel. v. Pond, 93 Mo. 635; Copeland v. St. Joe, 126 Mo. 428; Beach, Private Cor., sec. 518. (3) Notwithstanding the expansion ordinance had been in force seven years, no attempt had ever before been made to collect taxes from respondent. And it has an unquestionable right to test the validity of an ordinance in any proceeding where its property is jeopardized by the at-

tempted enforcement of such ordinance.   Kelly v. Meeks, *supra;* Halpin v. Campbell, *supra;* Cape Girardeau v. Riley, 52 Mo. 424; Tarkio v. Cook, 120 Mo. 1; Copeland v. St. Joseph, *supra;* St. Louis v. Heitzeberg Packing Co., 141 Mo. 375. (4) The charter power act, 1891, p. 61, authorized appellant to extend over adjacent territory without defining what territory was adjacent.   Hence the authority is not "clearly given" to extend over territory one mile away from platted town and whether or not the delegated authority has been exercised in a reasonable manner is a subject for judicial inquiry.   Dillon, Mun. Corp. [4 Ed.], sec. 763; State ex rel. v. Van Every, 75 Mo. 537.   (5)   The right to "levy and collect taxes" is an "incident of sovereignty, and only a sovereign state possesses it inherently."   This power does not exist in *quasi* public corporations, and to authorize them to levy a tax, the power must be plainly conferred by the legislature of a sovereign state, and every doubt of the authority must be resolved against the city.   Dillon, Mun. Corp. [4 Ed.], secs. 769, 770, 764; St. Louis v. Bell Telephone Co., 96 Mo. 628; Keiley v. Openheimer, 55 Mo. 376; Leach v. Cargill et al., 60 Mo. 317; Cooley on Taxation [2 Ed.], p. 4; Schott v. People, 89 Ill. 195.

BOND, J.—The collector of revenue for the city of Aurora, in Lawrence county, Missouri, in the name of the state of Missouri, sues for certain taxes and penalties aggregating $50.89, which he alleges accrued upon certain land owned by the defendant within the corporate limits of said city by virtue of certain ordinances of said city and the statutes of this state.   He asks judgment enforcing a lien against said real estate for the taxes assessed thereon and the costs of this suit.

The answer admits the ownership by defendant of the land described in the petition; avers that it is situated one

mile from the city proper, and is not needed for city purposes; that it is used for mining and for pasture, and is not inhabited, and is not and·could not be benefited by inclusion within the corporate limits of the said city. The answer further avers that the ordinance purporting to extend the corporate limits of said city so as to include defendant's land is unreasonable, unjust and oppressive, in that it involves taxation without benefit to the land or its owner; and was therefore invalid. The answer concludes with a prayer for injunctive relief against any taxes for city purposes against the said land.

The reply took issue. The cause was submitted to the court for decision upon evidence adduced by plaintiff and upon an agreed statement of facts. From these sources it appears that the amount of taxes alleged to be delinquent in the petition is evidenced by a tax bill against that property of the defendant which was added to the corporate limits of the city of Aurora by an ordinance passed on the fourteenth of September, 1891, which ordinance was ratified at an election wherein the total vote cast was 361, of which 242 ballots were cast for and 119 against the proposition to extend the city limits; that the city of Aurora is a mining town, where lead and zinc were discovered in 1885. That it was first incorporated in 1886, and has since been extended by several additions to its corporate limits. The agreed statement of facts concludes,

"That in 1891 the plaintiff had a population of six thousand; that the defendant's tracts of land are one mile east of the main business portion of the city and that city limits, extended by ordinance number 66, passed September 14, 1891, runs one-fourth mile east of the east line of the defendant's property. That in the year 1891 the plaintiff by vote, erected a city hall, at a cost of $5,000; that same year an electric light franchise was granted to E. F. Foster

and a plant erected in the fall of 1891 or spring of 1892; but no lights were put in the mines or wires extended beyond platted town; that a waterworks franchise was granted to a private corporation in 1891 and a good waterworks plant and system put in the city in that year; with power house in city of Verona, five miles west of plaintiff; that in the summer of 1892 a water main was laid for the use of and paid for by the Werril-Winslow Mining plant along the right of way of the Frisco road (which road was built in 1870 and runs through the mines) east to the Brinkerhoff tract, a mile east of the business portion of the city; that some of the mining plants within the plaintiff's corporate limits are supplied with water therefrom, but none on the defendant's land; that said main is a private main; that said waterworks company also furnishes water to the town of Verona, a city five miles west of plaintiff and near the company's power house, and Verona has fire plugs; and also to a few farmers along the line; that there are no fire plugs in the mines along the main running east mentioned; that there is also a telephone system, licensed to do business in plaintiff, some phones being used in the mines; that there are five telephones at use by different mining plants and they and the poles and wires are paid for by the renters; that the same system runs to Mt. Vernon, Chesapeake, Lawrenceburg, Madry, Osa, Halltown, Spencer, Stotts City, Monett, Pierce City and Cassville. That in the year 1893 Crescent street was extended east to the eastern limits of the city and since then has been only recently worked by the city to one-half mile east of Elton avenue; that said street was extended in 1893 for the purpose of enabling the Memphis railroad to build east on same, and no part of said street touches the defendant's land; that in 1893 said Memphis road was extended east to the Brinkerhoff tract. That the land of the defendant was purchased by it in 1891 at a price of $1,500 per acre or thereabouts;

that there are no houses on the defendant's land.

"That defendant's land is platted and held for mining purposes only and the plat must be put in evidence, but no other evidence shall be introduced by either party.

"In witness whereof the said parties have hereunto set their hands this fifteenth day of September, A. D. 1889."

The court gave judgment for defendant, from which plaintiff appealed.

The first question presented by this appeal grows out of the defense set up in the answer, which is that the taxes sued for were not laid upon property legally a part of the corporate territory of the city of Aurora. In support of this defense it is insisted that the ordinance purporting to include defendant's land and that of other owners within the city limits was void for unreasonableness and oppression. No objection is made to the form or manner of adoption of this annexation ordinance. The only point relied upon is, that it is invalid as to defendant's land on account of the remoteness of the same from the inhabited part of the city and its inutility for urban uses and purposes. The right of the city of Aurora as one of the fourth class to extend its corporate powers and territorial limits "over any territory lying adjacent thereto," is not questioned. It is simply answered by defendant that its property does not fall within that statutory description. R. S. 1899, sec. 1580 (Amended Acts 1891, page 6162). The issue thus presented raises a single question, did the ordinance enacted by the city of Aurora, September 14, 1891, make the land of defendant a part of the limits of that city and extend over it the chartered jurisdiction of said city? As it is not contended that said ordinance discloses any defect or irregularity on its face or in its enactment, it must follow that the question propounded can only be determined by matter *in pais*, and that the extrinsic question of fact thus presented is whether or not the land of

defendant was adjacent to the city of Aurora. If it was, it became endowed with the chartered franchise governing all other portions of the territory of that city. If it was not, the exercise of such jurisdiction over it was illegal and a mere usurpation on the part of said city, and should have been ousted by a *quo warranto* or other direct attack upon the authority and jurisdiction assumed by said city under the terms of its annexation ordinance. State ex inf. v. Fleming, 147 Mo. loc. cit. 12, and cases cited; State ex rel. v. Town of Westport, 116 Mo. 582. The express power given to cities of the fourth class to extend their limits over adjacent territory is one of *pro tanto* incorporation. Where the act to that effect is free from defect or infirmity on its face or in its method of adoption and is followed by a *de facto* exercise of corporate jurisdiction over the annexed territory, its validity can not be questioned by a collateral attack. So in the case at bar whether the plaintiff city, in its proceeding to incorporate the land of respondent, acted within the authority expressly confided to it as a legislative agency, presents an issue properly triable in a suit, by a *quo warranto*, to annul such proceedings and to vacate the assumption of corporate jurisdiction over the land of defendant. To permit such questions to be litigated in actions brought for the enforcement of taxing ordinances or other ordinances governing the conduct of the inhabitants of the municipality, would expose its right to be a municipal corporation, and the important interests dependent thereon, to collateral attack by a creditor or wrongdoer, whenever it undertook to exercise the ordinary functions of city government. On the one side, municipal corporations are delegated agencies of state government, hence their existence as such should not be subject to indirect attack at the caprice of private interests, but should only be open to question in a direct proceeding in the interests of the public. In a recent

ruling in a case involving the extension of corporate authority by the addition of new territory, the supreme court on the point under review uses the following language: "Until questioned by *quo warranto* or other direct proceeding by the state, it is intolerable that every time a city sues on an account it must first establish its right to exist." Kansas City v. Stigmiller, 52 S. W. Rep. 723-728. While some of the previous rulings of the supreme court admit of a broader latitude of inquiry in actions brought by municipalities for the enforcement of the obligations of its citizens, the foregoing enunciation appears to be the clear doctrine of the latest cases, and also to be in accord with the earliest rulings on this subject. State ex rel. v. Henderson, 145 Mo. loc. cit 341; Perkins v. Fielding, 119 Mo. 149; Giboney v. Cape Girardeau, 58 Mo. 140; Inhabitants of the town of Fredericktown v. Fox, 84 Mo. 65; City of Marionville to use of Henson, 65 Mo. App. loc. cit. 409; City of Billings v. Dunaway, 54 Mo. App. loc. cit. 3; City of Clarence v. Patrick, 54 Mo. App. loc. cit. 466. If respondent was not content with the incorporation of its land as a part of the city of Aurora, it should have attacked the validity of the act of the plaintiff in so doing, by *quo warranto* or other direct proceeding. According to the record before us it accepted the status created by the extension of the corporate jurisdiction of the plaintiff city, and only sought to question its validity, by extrinsic evidence, when suit was brought to enforce a lien against its land for delinquent taxes. This defense was not available to that action. The result is that the judgment in this case is reversed and the cause remanded to be tried in conformity with this opinion. All concur.

### MOTION FOR REHEARING.

BOND, J.—It is insisted by the learned counsel for respondent that the decision in this case is in conflict with

that of the Supreme Court in State ex rel. Moody v. Wardell, 54 Southwestern Reporter, 574. In that case the city of Macon being one of the third class, in the spring of 1892 undertook to extend its limits in pursuance of the authority of section 1466, revision of 1889. The court held that this provision of the statute was a nullity by reason of the inseparable connection of a certain clause of the act, exempting certain of the added territory from taxation, with the general purpose of the act expressed in its other provisions. Under this ruling it necessarily followed that the city of Macon, having no legislative authority therefor, could not extend its limits as a city of the third class, as it possessed only the powers devolved on cities of that class by the legislative acts authorizing their incorporation. In the case at bar, the city of Aurora was one of the fourth class. By the Acts of 1891 (Session Acts, pp. 61-62), full authority to extend their limits is given to cities of this class by an enactment valid and constitutional in all respects, since it does not contain any vitiating clause similar to the one which rendered section 1466 of the revision of 1889 (applicable to cities of the third class), an entire nullity. It is clear, therefore, that the case cited is not in conflict with the point decided in the original opinion in the one at bar, but it does prove that the law under which the city of Aurora acted is unquestionably a constitutional and valid one, since it is entirely free from the defect of the one considered by the court in the case cited. The extension of the limits of the city of Macon was an act patently and palpably void on its face for lack of any enabling statute; and hence could be attacked, on that ground, in a collateral proceeding. The extension of the limits of the city of Aurora was in pursuance of an act of the legislature, constitutional and valid on its face, by proceedings had and done apparently in strict conformity with the act enabling it to extend the corporate

franchise of the city over the new territory.   We do not think this is open to collateral attack, by way of defense to the present action, by extrinsic evidence relating to the location and uses of the added territory before it became incorporated as a part of the city of Aurora.   This is what we held in the main opinion in the present case, and there is certainly nothing in the case cited in the motion for rehearing or in the argument in the brief in support of that motion, which affords any ground for a recession from the view then expressed.   The motion for rehearing is therefore overruled. Judge *Bland* concurs; Judge *Biggs* absent.