STATE ex rel. J. W. GREGORY, Respondent, v. OHIO AND ILLINOIS MINERAL LAND COMPANY, Appellant.

St. Louis Court of Appeals, May 27, 1902.

1. **Constitutional Question:** PRACTICE, APPELLATE: APPEAL: TRANSFER WITHOUT OPINION: COURT OF APPEALS. Where an appeal is taken to the Supreme Court on the ground that a constitutional question is involved, and such court, without delivering an opinion, transfers the case to the Court of Appeals for hearing, the latter court is precluded from passing on the constitutional question alleged to be involved in the case.

2. **Practice, Appellate.** In the case at bar, following the ruling on the former appeal (84 Mo. App. 32), the judgment in this case is affirmed.

Appeal from Lawrence Circuit Court.—*Hon. Henry C.. Pepper*, Judge.

AFFIRMED.

*McNatt & McNatt* for appellant.

(1)  The constitutional questions pleaded in plaintiff's amended answer were fairly raised by the pleading, and it was reversible error for the circuit court to strike it out and refuse to pass upon the questions raised. State ex rel. v. Smith, 150 Mo. 88; Railroad v. Thornton, 152 Mo. 575; Baily v. Gentry, 1 Mo. 165. (2)  An unconstitutional act is not a law; it confers no rights, imposes no duties, creates no office; it is in legal contemplation as inoperative as though it had never been passed. 3 Am. and Eng. Ency. Law (1 Ed.), p. 678; St. Louis v. Dorr, 145 Mo. 484. (3)  The new matter set up in appellant's amended answer was not adjudicated in the former appeal in this case.  The court will not consider *res judicata* questions not considered on former appeal.  Lampert v. Gas Light Co., 14 Mo. App. 76.

*Edw. J. White* for respondent.

(1)  But there is no constitutional question in the record in this case, and the action of the Supreme Court, in so holding and transferring this cause to this court, is conclusive upon the appellant, on this question. "An order of the Supreme Court, transferring to the Court of Appeals a cause theretofore sent to it, on appeal from the trial court, on the ground that it involved a constitutional question, is equivalent to an adjudication that it involves no such question.  State v. Farrell, 23 Mo. App. 176; State v. Kaub, 23 Mo. App. 177. (2) Not only the constitutional question is *res adjudicata* because passed upon by the Supreme Court, but

the former judgment of this court, holding that the appellant could not attack the ordinances assailed in this case, is final upon it, on this second appeal, on exactly the same evidence. "A decision of an appellate court, in Missouri, on a former appeal of the same case, is *res adjudicata,* if neither the evidence nor instructions have been materially changed upon a retrial." Hesse Printing Co. v. Prot. Ass'n, 81 Mo. App. 467; Baker v. Railroad, 147 Mo. 152; Carey v. West, 165 Mo. 452, 65 S. W. 713. "*Res adjudicata* renders white that which is black, and straight, that which is crooked." Jeter v. Hewitt, 22 How. (U. S.) 352.

BLAND, P. J.—The suit is to recover taxes delinquent for the years 1894-5 in favor of the city of Aurora and assessed against the northeast quarter of the northeast quarter of section 7, township 26, range 25, as the property of defendant and alleged to be embraced within the corporate limits of the city of Aurora.

The cause is here on second appeal. On the former appeal the judgment was reversed and remanded for the reason that the circuit court refused to strike out certain portions of defendant's answer, which set up as an affirmative defense that the lands were not adapted to city purposes, were over a mile from the city proper, and were used exclusively for mining purposes (84 Mo. App. 32). After the cause was remanded for retrial, defendant filed an amended answer in which it alleged, among other things, that the lands in question were not adjacent to the city of Aurora, and for this reason the city was without power to extend its limits over it. The plaintiff moved to strike out the affirmative defenses set up in the amended answer, which motion the court sustained, to which ruling the defendant took an exception.

The cause was submitted to the court upon the evi-

dence contained in the bill of exceptions filed in the first appeal. The court found for the plaintiff and rendered a special judgment against the lands for the delinquent taxes sued for, with interest and costs.

The evidence is all contained in an agreed statement of facts filed in the first trial. No issue of fact is made as to the regularity of the assessment of the taxes or as to any of the steps taken entitling the plaintiff to sue for their recovery, and it is admitted that the ordinance by which the lands in question were taken into the city limits was passed in due conformity with the laws of the State and the ordinances of the city.

The city of Aurora is a city of the fourth class. The extension ordinance was adopted in 1891. The authority of the mayor and board of aldermen to pass the ordinance is found in section 1580, Revised Statutes 1889.

In State ex rel. v. Wardell, 153 Mo. 319, it was held by the Supreme Court that, "The proviso to section 1466, Revised Statutes 1889, concerning the extension of the corporate limits of cities of the third class, 'that all agricultural or pastoral lands included in such extension shall be exempt from taxation for city purposes until they have, by recorded plats or sale, been reduced to tracts or lots of ten acres or less,' is violative of that part of the Constitution which requires taxes to be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and the attempted exemption of such lands from taxation is void, and the proviso being a material part of the section the whole section, so far as it relates to the extension of the limits of cities of the third class, is also unconstitutional, and the extension thereunder invalid, and all taxes levied within said limits for city purposes or for the school district of such city are without warrant of law."

Section 1580, supra, concerning the extension of the limits of cities of the fourth class is substantially

the same as section 1466, and contains the same vice in respect to the exemption of agricultural lands from taxation and falls within the decision in the Wardell case.

But this case was appealed to the Supreme Court for the reason, the appellant contended, that a constitutional question was involved. Without delivering any opinion the Supreme Court transferred the case to this court for decision, thereby inferentially holding that no constitutional question was raised in the record. We are therefore precluded from passing on the constitutionality of the statute in pursuance of which the extension ordinance was passed. Following our ruling on the former appeal (84 Mo. App. 32) we affirm the judgment. *Barclay* and *Goode, JJ.,* concur.