## BIRCH et al., Appellants, v. CITY OF PLATTSBURG.

### Division One, March 17, 1904.

1. **CONSTITUTIONAL STATUTE: Separable Provision.** Part of a statute may be unconstitutional and void, and the rest constitutional and valid. If the unconstitutional part of a section is separable from the rest, and the rest with that part eliminated is valid, the rest is not also void simply because the invalid part is artificially included in the same section.

2. ——: ——: **Extending Limits of City: Exemption from Taxation.** That part of the statute (sec. 1580, R. S. 1889) in reference to extending the corporate limits of cities of the fourth class, which provides that "all agricultural or pastoral lands included within the corporate limits of such city shall be exempt from taxation for city purposes unless they have, by recorded plats or sales, been reduced to tracts or lots of five acres or less," is separable from the rest of the section, and the rest of the section is not unconstitutional because that clause is void as being an invalid attempt to exempt certain lands from taxation. Hence, if the corporate limits were extended in accordance with the rest of the section, the section will not be held to be unconstitutional as a whole simply because that clause is void.

Appeal from Clinton Circuit Court.—*Hon. A. D Burnes*, Judge.

AFFIRMED.

*W. S. Herndon* for appellants.

(1) The unlawful exemption of the Act of 1883 (Laws 1883, p. 37) rendered the power to extend void, for the reason that it can not be supposed that the Legislature would have passed the act at all without this exemption clause in it, and, therefore, the whole act must fall because of this unconstitutional provision. Copeland v. St. Joseph, 126 Mo. 428. The power of the

city to extend its limits under the above statute is curtailed by an unlawful exemption; that is, it can not tax agricultural or pastoral lands, in such extension, until they have been reduced, etc. This clause renders the extension void. State ex rel. v. Wardell, 153 Mo. 319. (2) It is admitted in this case that the taxes mentioned in the first, third and fourth counts of the petition were paid involuntarily and under protest. This gave the plaintiffs the right to recover, if the extension of the city limits was void. Claflin v. McDonough, 33 Mo. 412; Wolf v. Marshall, 52 Mo. 167; McGuire v. State Savings Association, 62 Mo. 348; Robins v. Latham, 134 Mo. 466.

*H. T. Herndon* for respondent.

That a statute may be valid in part and unconstitutional in part is held in the following decisions: State v. Clarke, 54 Mo. 17; State ex rel. v. Field, 119 Mo. 593; State v. Bockstruck, 136 Mo. 335; St. Louis v. Railroad, 89 Mo. 44; 23 Am. and Eng. Ency. of Law, p. 225.

BRACE, P. J.—This is an action to recover certain sums of money which the plaintiffs paid the defendant as taxes levied upon their property by the defendant city for the years 1894, 1896 and 1897, which they allege were levied without authority of law, and which they allege they were constrained to pay under duress.

The judgment in the circuit court was for the defendant, and the plaintiffs appeal.

There is no dispute about the facts. The plaintiffs are the owners of forty acres of land in the southwest quarter of section 24, township 57, range 32, in Clinton county, that was included within the corporate limits of the city of Plattsburg by an extension of those limits duly made, on the 19th of April, 1887, under the provisions of section 4932, Revised Statutes 1879, as amended by an act of the General Assembly approved March 27, 1883, Laws 1883, p. 37, the law in force at the time.

The taxes were duly assessed and levied upon said property; but plaintiffs contend that said act under which the extension was made, is unconstitutional and void.

The defendant is a city of the fourth class. The section of the original act (Laws 1877, p. 175), classifying the cities of the State, in pursuance of the mandate of the Constitution of 1875, of which the act in question is amendatory, is as follows:

"The jurisdiction of any city which shall organize under the provisions of this act, shall not in anywise be affected or changed in consequence of such reorganization; but the limits, wards and boundaries of such city shall remain after such change of organization the same as at the time of such reorganization; and all laws or parts of laws or ordinances not inconsistent with this act, which were in operation in such city prior to its organization, shall continue to be in full force until repealed. The mayor and board of aldermen of such city, with the consent of a majority of the legal voters of such city, voting at an election therefor, shall have power to extend the limits thereof over any territory lying adjacent thereto, or may, by the same vote, reduce the territory of such city to exclude land used for farming purposes."

The act was revised in 1879, and the section appeared in that revision as follows:

"The jurisdiction of any city which shall organize under the provisions of this article, shall not in anywise be affected or changed in consequence of such reorganization; but the limits, wards and boundaries of such city shall remain after such change of organization the same as at the time of such reorganization; and all laws or parts of laws or ordinances not inconsistent with this *article*, which were in operation in such city prior to its *reorganization,* shall continue to be in full force until repealed. The mayor and board of aldermen of such city, with the consent of a majority of the legal

voters of such city, voting at an election therefor, shall have power to extend the limits thereof over any territory lying adjacent thereto, or may, by the same vote, reduce the territory of such city to exclude land used for farming purposes. *All agricultural or pastoral lands included in such extension to be exempt from taxation for city purposes until they have, by recorded plats or sale, been reduced to tracts or lots of five acres or less."* [R. S. 1879, sec. 4932.]

The section was amended in 1883, and made to read as follows:

"The jurisdiction of any city which shall organize under the provisions of this article shall not in anywise be affected or changed in consequence of such reorganization; but the limits, wards and boundaries of such city shall remain after such change of organization the same as at the time of such reorganization; and all laws or parts of laws or ordinances not inconsistent with this article, which were in operation in such city prior to its reorganization, shall continue to be in full force until repealed. The mayor and board of aldermen of such city, *whether the same shall have been incorporated before becoming a city of the fourth class or not,* with the consent of a majority of the legal voters of such city, voting at an election therefor, shall have power to extend the *corporate* limits thereof over any territory lying adjacent thereto, or may, by the same vote, reduce the territory of such city to exclude land used for farming purposes. All agricultural or pastoral lands included in such extension to be exempt from taxation for city purposes until they have, by recorded plats or sale, been reduced to tracts or lots of five acres or less. *Such elections shall be held in accordance with the general election law of the State, and the same shall be held upon such notice, and at such time and place, and judges and clerks of the same shall be appointed and make their returns of the same in such manner, as may*

*be prescribed by ordinance of such city."*    [Laws 1883, p. 37.]

The changes in the section in each instance are indicated by italics.

Under the section thus revised and amended, the defendant's limits were extended.    In the revision of 1889, the section appears in the same language as in the act of 1883, except that the words "in such extension to," are omitted, and the words "within the corporate limits of such city shall" inserted in lieu thereof. [R. S. 1889, sec. 1580.]

The constitutionality of section 1580, Revised Statutes 1889, thus constructed, came before Division No. 2 of this court for determination, in City of Westport ex rel. v. McGee, 128 Mo. 152, in which it was held that the clause of said section providing that *"all agricultural or pastoral lands included within the corporate limits of such city shall be exempt from taxation for city purposes until they have, by recorded plats or sale, been reduced to tracts or lots of five acres or less,"* was unconstitutional and void, under the provisions of sections 6 and 7, of article 10 of the Constitution of 1875, which are as follows:

"Sec. 6.    The property, real and personal, of the State, counties and other municipal corporations, and cemeteries, shall be exempt from taxation.    Lots in incorporated cities or towns, or within one mile of the limits of any such city or town, to the extent of one acre, and lots one mile or more distant from such cities or towns, to the extent of five acres, with the buildings thereon, may be exempt from taxation, when the same are used exclusively for religious worship, for schools, or for purposes purely charitable; also, such property, real or personal, as may be used exclusively for agricultural or horticultural societies.

"Sec. 7.    All laws exempting property from taxa-

tion, other than the property above enumerated, shall be void.''

The unconstitutionality of this clause of the section is obvious from the mere reading the same, in connection with these constitutional provisions, and by an act of the General Assembly, approved April 4, 1891 (Laws 1891, pp. 61 and 62), the clause was eliminated from this section.

It is also obvious that the clause as it appeared in section 4932, Revised Statutes 1879, and in the amendment of 1883, was also unconstitutional; and that the clause sustains the same relation to that section that the clause in section 1580, Revised Statutes 1889, did to that section. So that whatever might be predicated of that relation would be as applicable to the one as to the other.

Now, while it was decided in City of Westport ex rel. v. McGee, supra, that the exemption clause aforesaid in section 1580, Revised Statutes 1889, was unconstitutional and void, it was also held that that clause was separable from the remainder of the section, whose-constitutionality was not affected thereby, and which, without this clause, constituted a valid and subsisting law authorizing cities of the fourth class to extend their limits, and so it must be held in this case that sec. 4932, Revised Statutes 1879, as amended by the act of 1883, constituted a valid and subsisting law, under which the defendant extended its limits, notwithstanding this unconstitutional clause, which is separable from it, and may be considered as stricken out. The law is, that ''part of a statute may be unconstitutional and void, and the residue constitutional and valid. The test is not whether the void and valid parts are contained in the same section, for the distribution into sections is purely artificial; but rather, whether they are essentially and inseparably connected; as it would be inconsistent with all just principles of constitutional law to adjudge enactments not obnoxious to any just constitutional exceptions, void, because they are associated in the same act,

but not connected with or dependent on others which are unconstitutional.   The rule is that where the provisions are so interdependent that one may not operate without the other, or so related in substance and object that it is impossible to suppose that the Legislature would have passed the one without the other, the whole must fall; but if, when the constitutional portion is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, it must be sustained." [23 Am. & Eng. Ency. Law (1 Ed.), p. 225, sec. 2; Cooley's Con. Lim. (7 Ed.), p. 246 *et seq.;* State v. Bockstruck, 136 Mo. 335; State ex rel. v. Field, 119 Mo. 593; St. Louis v. Railroad, 89 Mo. 44; Railroad v. Brick Co., 85 Mo. 307; State v. Clarke, 54 Mo. 17.] Applying the rule to the legislation in hand (which has been set out at length to demonstrate the fact) the conclusion reached seems irresistible.   The purpose of the Legislature by the section in question to confer upon cities of the fourth class the power to extend their limits, is manifest from the beginning to the end thereof. It was conferred in the beginning, before this obnoxious exemption clause was injected into the section, and has been continued unimpaired since that clause was eliminated.   [R. S. 1899, sec. 5895; Laws 1895, p. 65.]   The clause itself is an independent one.   The other provisions of the section are not dependent in any manner or form, on the clause, nor is it dependent upon them, but may be stricken out, leaving the remainder of the section a law complete in itself, that may be executed according to the legislative intent.   Hence, the defendant's limits were extended under a valid and subsisting law, whereby plaintiff's property became subject to municipal taxation by it, for the years mentioned.   The taxes were legally levied in pursuance of that law and plaintiffs, having paid them, have no right of recovery in this action.   This conclusion makes it unneccessary to consider the question whether the taxes

were paid under duress or not; and this opinion might close here, but as counsel for plaintiff, in support of his contention, cites the case of Copeland v. City of St. Joseph, 126 Mo. 417, decided before the case of City of Westport ex rel. v. McGee, supra, and the case of State ex rel. v. Wardell, 153 Mo. 319, decided after that case, it may be as well to add that there is nothing in either of these cases to impair the authority of City of Westport ex rel. v. McGee, supra, on the question in this case. In each of those cases, the constitutionality of an entirely different section of the statute, governing a different class of cities, was involved. In the Westport case, the distinction between that case and the Copeland case was clearly pointed out. In the Wardell case, the distinction between the Westport case and both of those cases, was made, and both of the previous decisions adhered to. The criticism in the Wardell case of some *dicta* in the Westport case that were not essential to the decision of that case, in no way impairs the authority of that case upon the question in this case.

The judgment of the circuit court is affirmed. All concur.